CATHERINE M. SMITH, as Administratrix, etc., of JOHN CHESTER SMITH, Deceased, Appellant, *v.* GEORGE H. EARLE, JR., and Others, Defendants, Impleaded with WALTER J. SALMON, Respondent.

First Department, June 6, 1924.

**Negligence — action for death of plaintiff's intestate who was killed when building collapsed — complaint states cause of action.**

The complaint in an action to recover for the death of plaintiff's intestate who was killed when a building collapsed states a cause of action where, though the plaintiff intended to charge one of the defendants as being the owner of the premises through a corporation, it does allege that the work was being done under the control of that defendant and that he was guilty of the negligence which caused the building to collapse and the plaintiff's intestate to be injured.

APPEAL by the plaintiff, Catherine M. Smith, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of May, 1922, granting the motion of the defendant Walter J. Salmon for judgment dismissing the amended complaint on the ground that it does not state facts constituting a cause of action.

*Ralph Gillette* of counsel [*Charles P. Carney* with him on the brief], for the appellant.

*Bond & Babson* [*Walter H. Bond* of counsel], for the respondent.

SMITH, J.:

The defendant Salmon, who is the respondent here, was the owner of the majority of the stock of the Strathmore Leasing Company. The Strathmore Leasing Company owned the building upon the corner of Fifty-second street and Broadway which collapsed and injured various parties, including the plaintiff's intestate. This is an action to recover damages for the death of the plaintiff's intestate.

Primarily I think it was intended by the plaintiff to attempt to charge the defendant Salmon as being the owner of the premises, through the corporation, which he formed for the purpose, called by the plaintiff a dummy corporation. The complaint goes much further than that. It alleges that the work was being done under the direction and control of Salmon himself; that the defendant and one Earle, Jr., were engaged in converting the said Strathmore building from a tenement to a non-tenement building, and specifically were instrumental in doing the work; that they were guilty of the negligence which caused the building to collapse and the plaintiff's intestate to be injured.

The order dismissing the complaint was wrong and should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant Salmon to answer on payment of said costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant Walter J. Salmon to answer within twenty days from service of order, upon payment of said costs.